# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ARMON FENNEL DIGGS,**

    **Petitioner,**

**v.**                                      **Civil Action No. 5:12cv180**
                                                **(Judge Stamp)**

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On December 14, 2012, the *pro se* petitioner, Armon Fennel Diggs ("Diggs"), an inmate at U.S.P. Hazelton in Bruceton Mills, West Virginia, filed a petition under 28 U.S.C. § 2241, challenging his conviction and sentence. Along with his petition, he filed a motion to waive the filing fee; a motion to proceed as a pauper; and a motion for leave to file excess pages. That same day, the Clerk of Court sent him a Notice of Deficiency, giving him until January 4, 2013, to provide a copy of his Prisoner Trust Account Report with its Ledger Sheets. By Order entered on December 17, 2012, petitioner's motion for leave to file excess pages was granted. On December 27, 2012, petitioner filed his Prisoner Trust Account Report with its Ledger Sheets. On January 2, 2013, petitioner's motion to proceed as a pauper was granted, but he was directed to pay the filing fee. Subsequently, petitioner paid the required fee. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. §§1915, 1915A, and LR PL P 2.

## I. Factual and Procedural History

On February 16, 1982, petitioner entered a house used by police and ATF agents as an undercover "fencing" operation. While inside, petitioner pulled out a sawed-off shotgun he had

chained to his arm, cocked it and began searching for merchandise. After one of the agents left the house, petitioner aimed the shotgun at that agent's back. A second agent jumped Diggs, who fired the weapon without injuring anyone. The second agent said he could feel Diggs trying to fire the weapon as they fell to the ground.[1] While en route to jail, petitioner declared that he tried to kill the officers because he knew that they were federal agents. Three weeks earlier, petitioner had placed a loaded pistol to the head of one of the undercover agents and threated to blow his head off if the agents did not produce the cash to pay for a prospective gun purchase.[2]

Petitioner was convicted of assaulting a federal officer (18 U.S.C. § 111) and felony firearms violations (18 U.S.C. §§ 922(h)(1) and 924(a). On May 6, 1982, the U.S. District Court for the Southern District of Iowa sentenced him to fifteen years' imprisonment.[3] The Parole Commission declined to parole him.[4] He was mandatorily released from custody pursuant to 18 U.S.C. § 4163 on November 15, 1990, with 2,284 days left to serve on his fifteen-year term.[5]

On October 2, 1992, the Commission issued a warrant charging petitioner with drug use, an administrative violation. The warrant was executed four days later and, on February 24, 1993, the Commission revoked his parole for eight months.[6] Petitioner filed an administrative appeal

---

[1] See Bureau of Prisons Classification Study, dated July 15, 1982 (redacted and excerpted), attached as Respondent's Exh. 1 (N.D. W.Va. Dkt.# 15-1)(3:12cv47).

[2] See Presentence Investigation Report ("PSR") at 8, Case No. 94-103 (S.D. Ia.) (excerpted) attached as Respondent's Exh. 2 (N.D. W.Va. Dkt.# 15-2)(3:12cv47).

[3] See PSR at 8, and Judgment in Case No. 82-14 (S.D. Ia.), attached as Respondent's Exh. 2 and 3 (N.D. W.Va. Dkt.# 15-2 and 15-3)(3:12cv47).

[4] See Notices of Action from 1982, 1987, and 1989, attached as Respondent's Exh. 4 (N.D. W.Va. Dkt.# 15-4) (3:12cv47).

[5] See Sentence Monitoring Computation Data at 7, and Certificate of Mandatory Release, attached as Respondent's Exh. 5 and 6 (N.D. W.Va. Dkt.# 15-5 at 7 and Dkt.# 15-6)(3:12cv47).

[6] See Warrant and Warrant Application; February 24, April 22, and May 10, 1993 Notices of Action; and Sentence Monitoring Computation Data at 4, attached as Respondent's Exh.7, 8, and 5 (N.D. W.Va. Dkt.# 15-7, 15-8, and 15-5 at 4)(3:12cv47).

regarding the April 22, 1993 Notice of Action and decision, but it was affirmed by the National Appeals Board/Full Commission on May 18, 1993.[7] He was released on parole, effective June 6, 1993, with 1,350 days left to serve.[8]

Three months after being released, petitioner shot three people, killing two and wounding the other. On August 2, 1993, the Commission issued a warrant charging Diggs with violations of law (murder and unauthorized possession of a dangerous weapon).[9] On February 1, 1994, in Iowa state court, petitioner was convicted of manslaughter and involuntary manslaughter. On March 7, 1994, he was sentenced to fifteen years' imprisonment for the violation offenses.[10] Petitioner was also convicted in the Southern District of Iowa for Felon in Possession of Firearm and Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On August 11, 1995, he was sentenced to serve 303 months, concurrent with his state term.[11] The sentencing court noted petitioner's failure to accept responsibility and his "propensity to resort to use of firearms against other persons."[12] Petitioner appealed his conviction and sentence to the Eighth Circuit Court of Appeals, where it was affirmed on April 23, 1996.[13] Subsequently, petitioner

---

[7] See Appeal dated May 5, 1993; and May 18, 1993 Notice of Action on Appeal, attached as Respondent's Exh. 9 and 10 (N.D. W.Va. Dkt.# 15-9 and 15-10)(3:12cv47).

[8] See Sentence Monitoring Computation Data at 5; and Certificate of Parole, attached as Respondent's Exh. 5 and 11 (N.D. W.Va. Dkt.# 15-5 at 5, and 15-11)(3:12cv47).

[9] See Warrant and Warrant Application, attached as Respondent's Exh. 12 (N.D. W.Va. Dkt.# 15-12) (3:12cv47).

[10] See February 4, 1994 Letter from U.S. Probation Officer Enclosing Verdict; and March 17, 1994 Warrant Supplement, attached as Respondent's Exh. 13 and 14 (N.D. W.Va. Dkt.# 15-13 and 15-14) (3:12cv47).

[11] See Judgment in Case No. 94-103, S.D. Ia.; and Sentence Monitoring Computation Data at 1, attached as Respondent's Exh. 15 and 5 (N.D. W.Va. Dkt.# 15-15 and 15-5 at 1) (3:12cv47).

[12] See Judgment at 6; Petitioner's projected satisfaction date on this sentence is June 14, 2017, see Judgment at 2, attached as Respondent's Exh. 15 at 6 and 2 (N.D. W.Va. Dkt.# 15-15 at 6 and 2) (3:12cv47).

[13] See (8th Cir. Apr. 23, 1996)(95-3182).

filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on October 23, 1996.[14]

The Parole Commission's August 2, 1993 warrant was placed as a detainer against petitioner's release.[15] The Commission decided to let the detainer stand while petitioner served his 1995 federal sentence.[16]

On January 29, 1993, petitioner filed a Motion to Vacate under 28 U.S.C. §2254 in the sentencing court. It was transferred to the District of Colorado on February 5, 1993,[17] where it was dismissed on April 26, 1993.[18]

On October 16, 1997, petitioner filed a Motion to Vacate under 28 U.S.C. §2255, which was denied February 2, 1998.[19] He filed a second Motion to Vacate under 28 U.S.C. §2255 on October 5, 1998, which was denied on October 14, 1998.[20] Subsequently, he twice filed applications to file successive habeas corpus petitions with the Eight Circuit Court of Appeals; both were denied.[21]

---

[14] Id. at Oct. 23, 1996.

[15] See September 26, 1995 Detainer Action Letter, and Sentence Monitoring Computation Data, p. 3, attached as Respondent's Exh. 16 and 5 (N.D. W.Va. Dkt.# 15-16 and 15-5 at 3) (3:12cv47).

[16] See April 28, 1997 Notice of Action, attached as Respondent's Exh. 17 (N.D. W.Va. Dkt.# 15-17) (3:12cv47).

[17] See (S.D. Ia. 4:93cv10083).

[18] See (D. Colo. 1:93cv00352).

[19] See (S.D. Ia. Dkt.#1)(4:97cv70668).

[20] See (S.D. Ia. 4:98cv70530).

[21] See (8th Cir. Feb. 5, 2001)(00-3387) and (8th Cir., Mar. 11, 2003)(03-1461).

On May 16, 2012, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in this Court, but voluntarily withdrew it after the respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment.[22]

On October 12, 2012, in his sentencing court, he filed a Petition for Writ of Mandamus to Compel the U.S. Parole Commission/Board to Act in the Best Interest of Justice; it was dismissed on November 13, 2012.[23]

Petitioner's projected date of release from incarceration is June 14, 2017.[24]

## II. Claims Raised by the Petitioner

The petitioner ostensibly raises four grounds attacking the validity of his conviction and sentence, which can be condensed into two:

1) pursuant to the holdings of U.S. V. Taylor,[25] U.S. v. Shepard,[26] Rosendo [sic] v. Holder,[27] and U.S. v. Maybeck,[28] he is actually innocent of the Armed Career Criminal Act ("ACCA") "habitual offender" sentencing enhancement, because it was based on inaccurate information and ineffective assistance of counsel; and

2) his conviction and sentence cannot stand because the indictment was defective; there was no subject matter jurisdiction; and his jury trial was based on "outrageous government misconduct . . . and fabricated evidence."

Petitioner asserts that this Court has jurisdiction and his claims "qualify for the escape

---

[22] See N.D. W.Va. 3:12cv47; the Order dismissing the case was entered on December 13, 2012.

[23] See (S.D. Ia. Dkt.# 3)(4:12cv00516).

[24] See
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=armon&Middle=fennel&LastName=diggs&Race=U&Sex=U&Age=&x=78&y=13

[25] United States v. Taylor, 495 U.S. 575, 201-02 (1990).

[26] United States v. Shepard, 544 U.S. 13 (2005).

[27] Presumably petitioner intended to reference Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

[28] United States v. Maybeck, 23 F.3d 888 (4th Cir. 1994).

hatch of §2255, which allows him to challenge the legality of his sentence through a §2241 petition[.]"

As relief, he requests that the Court vacate his sentence and remand his case back to the Southern District of Iowa for resentencing without the ACCA enhancement.

### III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead he is challenging the imposition of his sentence. In particular, he is alleging that the Court that convicted him and imposed his sentence was without jurisdiction to do so.

Petitioner attempts to raise the savings clause, but it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED with prejudice.**

Further, the undersigned also recommends that petitioner's pending Motion to Waive the Filing Fee for a §2241 Proceeding (Dkt.# 2) be **DENIED** as moot.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by March 6, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

The Clerk is further directed to terminate the referral of this action to the undersigned.

DATED: February 20, 2013.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE
