IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ARMON FENNEL DIGGS,

    Petitioner,

v.                                Civil Action No. 5:12CV180
                                           (STAMP)
TERRY O'BRIEN, Warden

    Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Background

The pro se[1] petitioner, Armon Fennel Diggs, was convicted in the United States District Court for the Southern District of Iowa of being a felon in possession of a firearm and an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On August 11, 1995, he was sentenced to 303 months of incarceration to run concurrently with his state court sentence for manslaughter and involuntary manslaughter.

The petitioner has filed various motions and petitions for habeas relief in the past. Currently pending is petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction. The petitioner asserts the following grounds for relief: (1) he is actually

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

innocent of the Armed Career Criminal Act sentencing enhancement, because it was based on inaccurate information and ineffective assistance of counsel; and (2) his conviction and sentence cannot stand because the indictment was defective, there was no subject matter jurisdiction, and his jury trial was based on outrageous government misconduct and fabricated evidence. The petitioner asserts that he qualifies to assert these claims through a petition filed pursuant to § 2241.

The matter was referred to United States Magistrate James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Seibert issued a report and recommendation, recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations on or before February 29, 2012. The petitioner filed two motions for extensions to file objections to the magistrate judge's report and recommendation, which this Court granted. The petitioner, however, did not thereafter file any objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Having reviewed the magistrate judge's report and recommendation for clear error, and finding none, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

3

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. As the magistrate judge stated, even if the petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) remain criminal offenses. Thus, the petitioner cannot satisfy the second element of Jones. Accordingly, because a remedy by motion under § 2255 is not inadequate or ineffective, the magistrate judge's report and recommendation dismissing the petitioner's § 2241 petition without prejudice is not clearly erroneous.

## IV. Conclusion

For the reasons set forth above, this Court finds no clear error in the report and recommendation of the magistrate judge, and it is therefore AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 18, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE